.DeLecce Estate

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ.

*Francis J. Walsh* and *John H. J. Quigley*, for appellant.

*Richman & Richman* and *Herman Lyon Hecht*, for respondent.

HUNTER, J., January 14, 1949.—This is an appeal from a decree of the register of wills refusing to probate a writing signed by mark as the last will and testament of decedent.

The writing is dated January 3, 1948, and decedent died April 23, 1948, after the effective date of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.

The act in section 2(2) provides:

"SIGNATURE BY MARK. If the testator is unable to sign his name for any reason, a will to which he makes his mark and to which his name is subscribed

in his presence before or after he makes his mark, shall be as valid as though he had signed his name thereto: Provided, He makes his mark in the presence of two witnesses who sign their names to the will in his presence."

The petition avers that the will was executed by the mark of testatrix in the presence of two witnesses, one of whom failed to subscribe his name as a witness. A photostatic copy of the will is annexed to the petition. Preliminary objections raise the question of due execution.

The right to make a will is not a constitutional or natural right, but a creature of statute law, and the State may prescribe the form which must be followed in the execution of a will: Maginn's Estate, 278 Pa. 89. It has been the policy of the law to surround wills with legal requirements and thus protect a man's property after his death from spurious writings: Churchill's Estate, 260 Pa. 94; Maginn's Estate, supra.

Wills signed by mark have had the special attention of the legislature, because as was said in Grabill v. Barr, 5 Pa. 441 (445):

". . . the facilities of imposition upon a weak or illiterate person are so great, that the utmost certainty which human laws can provide, ought to be attained, before an instrument of that nature is allowed to displace the just provisions of the general law."

The Wills Act of June 7, 1917, P. L. 403, contained the provision that a testator's mark be identified by his name, subscribed in his presence and by his direction and authority. The requirement of "direction and authority" proved unfortunate, because in many instances the person who subscribed the name neglected to ask testator for authority to do so.

This requirement was removed by the Wills Act of 1947, and was replaced by the safeguard that wills

signed by mark be attested by two subscribing witnesses.

A similar provision for subscribing witnesses is contained in section 2(3) in the case of a testator who is unable to sign either name or mark.

The requirement of subscribing witnesses is not unreasonable. Until recently, it was essential in gifts to religion and charity: Spain's Estate, 327 Pa. 226; and more remotely, a married woman's will was required to have subscribing witnesses: see Married Women's Property Act of June 8, 1893, P. L. 344, sec. 5.

Proponent contends that the Wills Act of 1947 violates the fourteenth amendment to the Constitution of the United States, which prohibits a State from denying to any person the equal protection of the laws.

This contention cannot be supported. The Wills Act does not cast a "harsh burden" on one individual and not on another. It protects rather than burdens persons under disability. There are many such classifications in the laws of this Commonwealth, and distinctions are made between minors and adults, females and males, married and single women, etc. The State has power to classify persons needing protection, and there is nothing discriminatory in such legislation: Commonwealth v. Fisher, 213 Pa. 48.

We are also of the opinion that the title of the Wills Act does not violate article III, sec. 3 of the Constitution of Pennsylvania, requiring the subject of the act to be clearly expressed in its title. The title of an act need not be an index to its contents, nor a synopsis thereof. It need only name the real subject of legislation and designate that subject with sufficient clearness so that one of a "reasonably inquiring state of mind" would be put on inquiry as to the body of the act. This is especially the case where the act is a codification of earlier acts upon the same broad subject of legislation. See the opinion of Judge Sherwood in

Commonwealth v. Simonton, 56 D. & C. 220, where these statements are supported by numerous citations.

The title to the Wills Act of 1947 refers to wills in general, and to the "execution" of wills in particular, and it is sufficient to require the reader to follow the title into the body of the act.

The preliminary objections are sustained, the appeal is dismissed, and the record is remitted to the register.